IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALIK IDIS HOUSTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-CV-1161-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### **MEMORANDUM OPINION AND ORDER**

Petitioner Malik Idis Houston ("Houston"), a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is dismissed on limitations grounds.

### **Background**

Houston was convicted of conspiring to commit bank robbery in violation of 18 U.S.C. § 371 and using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to a term of 60 months imprisonment for the robbery offense and a consecutive term of 84 months imprisonment for the firearms offense. His conviction was affirmed on direct appeal. *See United States v. Houston*, 354 F. App'x 862 (5th Cir. 2009). He did not file a petition for writ of certiorari. Houston submitted this motion under 28 U.S.C. § 2255 to prison authorities on or about March 14, 2013.

In two grounds for relief, Houston essentially contends that his constitutional rights were violated when he was selectively prosecuted and that he is actually

innocent of the two offenses. *See* Doc. Nos. 2 & 3. The United States has submitted a preliminary response to Houston's motion in which it argues that this case is barred by the AEDPA statute of limitations. *See* Doc. No. 8. Houston addressed the limitations issue in a brief submitted with his habeas petition and a reply filed on June 13, 2013. *See* Doc. Nos. 4 & 9. The Court now determines that this case should be dismissed on limitations grounds.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and

exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

## Analysis

Judgment was entered on March 5, 2009. Houston's conviction was affirmed on November 25, 2009. *Houston*, 354 F. App'x at 862. He did not file a writ of certiorari. Accordingly, his conviction became final on February 23, 2010. *See* SUP. CT. R. 13.1. He submitted his Section 2255 motion for mailing on or about March 14, 2013, which is more than two years after the AEDPA's one-year limitations period expired.

Houston seeks equitable tolling, contending that he did not become aware until July 2012 that his co-conspirator in the June 12, 2008 armed robbery was not indicted or convicted of a conspiracy offense or any firearms crime, nor did that individual ever admit to using a firearm in furtherance of the armed robbery. *See* Doc. No. 4 at 2-3; Doc. No. 9 at 4-9. Instead, the co-conspirator, identified as Cedric Burns, pled guilty in a separate criminal proceeding to the substantive armed

robbery offense, and admitted to carrying and brandishing a "dangerous weapon" rather than a firearm. *See United States v. Burns*, No. 3:09-CR-349-D(2), Doc. Nos. 1, 38-40, 79. Accordingly, Houston claims that he is "actually innocent" of both offenses of conviction and that the limitations bar has been overcome pursuant to *McQuiggin*.

Initially, the fact that Burns was not indicted for, or convicted of, the conspiracy offense does not compel that Houston's conviction was improper or that he is actually innocent of the conspiracy offense. There is no legal support for Houston's claim that a co-conspirator must be charged with the conspiracy offense so that he may be properly convicted as a member of the conspiracy. Instead, the Fifth Circuit has held unequivocally that an individual may be convicted of a conspiracy even though all other conspirators are acquitted of the conspiracy, charges against the other conspirators are dismissed, the other members remain unidentified, or the co-conspirators were never indicted. *See United States v. Thomas*, 348 F.3d 78, 84 (5th Cir. 2003) ("Thomas' assertion that he cannot be convicted of conspiracy with Tommy Lee because Tommy Lee was unindicted is controverted by Fifth Circuit precedent") *see also United States v. Lance*, 536 F.2d 1065, 1068 (5th Cir. 1976) (citing cases) (a person can be convicted of conspiracy "even when co-defendants are known and not prosecuted"). Houston was properly convicted of conspiracy because of the clear existence of the two co-conspirators and because the evidence presented at trial amply established that Houston conspired with them to commit the offense of bank robbery. *Thomas*, 348 F.3d at 84.

4

Accordingly, he has not established "actual innocence" of the conspiracy offense so to avoid the AEDPA's limitations bar.

Similarly, Burns's insistence that he never possessed a firearm and instead used a "fake gun" in the June 12, 2008 robbery does not establish that Houston was improperly convicted of the firearms offense. Houston is correct to note that if Burns did not use or possess a firearm, Houston could not be convicted under *Pinkerton* liability of possessing, using, and brandishing the firearm in furtherance of a crime of violence. However, the only evidence that Houston provides to establish that Burns did not possess a gun is Burns' claim that he used a "fake gun" and refusal to stipulate possession of a firearm. This information neither proves that there was no gun nor does it constitute "newly discovered" evidence. Indeed, Houston claimed throughout trial that his co-conspirator used a "fake gun." *See, e.g., United States v. Houston*, No. 3:08-CR-209, Doc. No. 55 at 151-52 & Doc. No. 56 at 21-23 & 69-72. However, the evidence at trial included eyewitness testimony from an individual who identified the type of gun Burns used in the robbery. *See United States v. Houston*, No. 3:08-CR-209, Doc. No. 55 at 161-62. The testimony also included Houston's own videotaped statement that Burns "had some type of little revolver[,]" that the firearm was chrome and had a short barrel, and that it did not contain any bullets. *See id.*, Doc. No. 56 at 7-9. The jury therefore rejected Houston's claim that the gun was fake, and found that Houston was responsible for his co-conspirator's possession and brandishing of an actual firearm. Houston has not provided any newly-found evidence that he is actually innocent of that offense.

Accordingly, he has not satisfied his burden of showing that he is entitled to equitable tolling or that the AEDPA's one-year limitations period should not be enforced.

## Conclusion

For the foregoing reasons, the instant motion to correct, vacate, or set aside sentence is DISMISSED on limitations grounds.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Houston has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In the event that Houston will file a notice of appeal of this order, the Court notes that he will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED** this 18th day of July 2013.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE